UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SANDOVAL, G44696,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS, Warden,<br><br>Respondent. | Case No. 21-cv-01783-CRB (PR)<br><br>**ORDER OF DISMISSAL WITH INSTRUCTIONS TO FILE MOTION IN STAYED CASE**<br><br>(ECF Nos. 2 & 4) |

On December 13, 2011, petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2008 conviction from Santa Clara County Superior Court. The petition was filed as civil case number 11-6246 and assigned to the undersigned. See Sandoval v. Biter, No. 11-cv-6246-CRB (N.D. Cal. filed Dec. 13, 2011).

On April 12, 2012, the court found that the claims in the petition – (1) insufficient evidence supported the premeditation and deliberation element of petitioner's first degree murder conviction; (2) denial of equal protection because an aider and abettor of an assault may be convicted of murder, without any finding of malice, under the natural and probable consequences doctrine; and (3) ineffective assistance of counsel for failing to interview and present a witness – appeared colorable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.

On July 11, 2012, respondent instead moved to dismiss the petition for failure to exhaust state judicial remedies as to all claims because petitioner had not exhausted state judicial remedies as to his claim of ineffective assistance of counsel.

On September 19, 2012, the court granted the motion and, pursuant to the law of the circuit, asked petitioner whether he wished to (1) withdraw his unexhausted claim and proceed only on his exhausted claims, or (2) dismiss the entire mixed petition and return to federal court with a new petition once all claims are exhausted. The court also informed petitioner that he may

be able to seek a stay of the proceedings "if he can show that there was good cause for his failure to exhaust the unexhausted claim in state court, and that the claim is potentially meritorious." Sept. 19, 2012 Order at 2 n.1 (citing Rhines v. Webber, 544 U.S. 269, 277 (2005)).

On October 15, 2012, petitioner filed a response seeking a stay of proceedings until he can exhaust his claim of ineffective assistance of counsel in the state courts. He argued that he was not afforded a fair chance to exhaust his claim because he was not afforded access to the prison law library.

On October 23, 2012, the court granted petitioner's request for a stay of his mixed federal habeas petition until he can exhaust his claim of ineffective assistance of counsel in the state courts. The court instructed the clerk to administratively close the case and informed petitioner that "[n]othing further will take place in this matter until petitioner exhausts his claim of ineffective assistance of counsel all the way thru the Supreme Court of California and, within 30 days thereafter, moves to reopen the case and lift the court's stay." Oct. 23, 2012 Order at 2.

On August 31, 2020, nearly eight years after the court stayed petitioner's mixed federal petition, petitioner filed a second federal petition for a writ of habeas corpus challenging his 2008 conviction from Santa Clara County Superior Court in the United States District Court for the Eastern District of California. The petition was transferred to this court, filed as civil case number 20- 6371 and assigned to the undersigned. See In re Sandoval, No. 20-cv-6371-CRB (N.D. Cal. filed Sept. 10, 2020). The second federal petition raised the first two claims petitioner raised in his first federal petition – (1) insufficient evidence supported the premeditation and deliberation element of his first degree murder conviction; and (2) denial of equal protection because an aider and abettor of an assault may be convicted of murder, without any finding of malice, under the natural and probable consequences doctrine – as well as new recently exhausted claims.

On September 23, 2020, the court dismissed petitioner's second federal petition "without prejudice to petitioner filing a motion in his first federal habeas case – Sandoval v. Biter, No. 11-cv-6246-CRB – to reopen the case, lift the court's stay and file an amended petition raising all exhausted claims petitioner wishes to pursue in federal habeas review." Sept. 23, 2020 Order at 2.

On March 16, 2021, petitioner filed a third federal habeas petition challenging his 2008 conviction from Santa Clara County Superior Court rather than file a motion to reopen and lift the

court's stay in his first federal habeas case, as instructed. The third federal habeas petition was filed as the instant civil case number 21-1783 and assigned to the undersigned. See <u>Sandoval v. Cisneros</u>, No. 21-cv-1783-CRB (N.D. Cal. filed Mar. 16, 2021). The third federal petition, like the second federal habeas petition, raises the first two claims petitioner raised in his first federal petition – (1) insufficient evidence supported the premeditation and deliberation element of his first degree murder conviction; and (2) denial of equal protection because an aider and abettor of an assault may be convicted of murder, without any finding of malice, under the natural and probable consequences doctrine – as well as new recently exhausted claims.

Again, in the interest of justice and good cause appearing therefor, the instant third federal habeas petition is DISMISSED without prejudice to petitioner filing a motion in his stayed first federal habeas case – <u>Sandoval v. Biter</u>, No. 11-cv-6246-CRB – to reopen the case, lift the court's stay and file an amended petition raising all exhausted claims petitioner wishes to pursue on federal habeas review. Put simply, petitioner is instructed to file a motion in his stayed first federal habeas case – <u>Sandoval v. Biter</u>, No. 11-cv-6246-CRB – asking the court to reopen the case and lift the court's stay, and to permit him to file a proposed amended petition raising all exhausted claims petitioner wishes to pursue on federal habeas review. Petitioner should explain why the court should grant his motion to reopen and lift the court's stay so many years after the court granted his October 15, 2012 motion to stay proceedings until he could exhaust his claim of ineffective assistance of counsel in the state courts, and petitioner should attach to the motion his proposed amended habeas petition.

The clerk is instructed to close the instant case – <u>Sandoval v. Cisneros</u>, No. 21-1783-CRB – and terminate petitioner's motion for a stay of these proceedings (ECF No. 4) as moot. But based solely on petitioner's affidavit of poverty, his request to proceed <u>in forma pauperis</u> (ECF No. 2) is GRANTED.

**IT IS SO ORDERED**.

Dated: April 20, 2021

_____
CHARLES R. BREYER
United States District Judge